

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 22, 1964

Honorable Don Hall
District Attorney
McLennan County
Waco, Texas

Dear Sir:

Opinion No. C-367

Re: Whether, under the stated facts,
a parolee "eloper" from another
state, can be turned over to the
proper authorities of the demand-
ing state without going through
the formalities of extradition.

We have received your request for our opinion of the
above captioned matter, and we quote from your letter as fol-
lows:

"We are in receipt of a Warrant of Arrest
and Hold Order from the Board of Pardons and
Paroles of West Virginia wherein it is stated
that Bobby Eugene Stier has violated the con-
ditions of his parole by absconding parole
supervision. Article 781 c(3) reads:

"'That duly accredited officers of a
sending State may at all times enter
a receiving State and there apprehend
and retake any person on probation or
parole. For that purpose no formal-
ities will be required other than es-
tablishing the authority of the of-
ficer and the identity of the person
to be retaken. All legal requirements
to obtain extradition of fugitives from
justice are hereby expressly waived on
the part of States party hereto, as to
such persons.'

"It is clear to us that if West Virginia
had released the Subject to this State for
parole supervision that the above article
would apply and that 'all requirements to at-
tain extradition of a fugitive from justice
are hereby waived on the part of State's
party hereto as such persons.' Our question
is that since Stier is a parole 'eloper' is

-1739-

it necessary for this State to go through the formalities of extradition, or can we merely notify the proper authorities of West Virginia and have them come to Texas and pick up the prisoner and return him to their State.

"We have been confronted with this same proposition on several occasions and have been unable to find any decisions in this State on this particular point, and would therefore thank you to furnish us an opinion as to whether we can legally return a parolee 'eloper' from another State over to them without the formalities of extradition."

The Governor of Texas has executed the compact as authorized and directed by the Legislature, Article 781c, V.C.C.P., and the State of West Virginia, Code 28-6-1, 28-6-2, is a party to the compact.

The Congress of the United States has consented to any two or more states entering into such a compact. 4 U.S.C.A., Section 111.

Article 781c, Code of Criminal Procedure, clearly authorizes a duly accredited officer of a sending state to enter the receiving state and apprehend and retake any person on probation or parole when out of state parolee supervision has been established in accordance with the uniform law. However, your letter request reflects that no parole to the State of Texas was made pursuant to Article 781c, and therefore the usual extradition proceedings should be followed.

## SUMMARY

It is necessary for the State of Texas to go through the usual formalities of extradition since the parolee is an "eloper" from the State of West Virginia and no out of state parolee supervision exists within Article 781c.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Honorable Don Hall, page 3 (C-367)

By **GILBERT J. PENA**
Assistant Attorney General

GJP/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Cass
Harold Kennedy
Roger Tyler
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone